# In the United States Court of Federal Claims

No. 24-81
(Filed: August 30, 2024)

**NOT FOR PUBLICATION**

```
**************************************
NAILA M. QURESHI,                     *
                                      *
            Plaintiff,                *
     v.                               *
                                      *
THE UNITED STATES,                    *
                                      *
            Defendant.                *
**************************************
```

*Naila M. Qureshi*, Cicero, NY, proceeding *pro se*.

*Matney E. Rolfe*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

**OPINION AND ORDER**

**DIETZ, Judge.**

On January 17, 2024, Naila M. Qureshi, proceeding *pro se*, filed a complaint seeking a refund of payments that she made in connection with her student loans under the Federal Perkins Loan Program. The government filed a motion to dismiss her complaint, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), asserting that the Court lacks subject-matter jurisdiction, or, alternatively, that her claims are time-barred. For the reasons set forth below, the Court finds that it lacks subject-matter jurisdiction over Ms. Qureshi's complaint because she fails to identify a money-mandating source of law that entitles her to a refund. Accordingly, the Government's motion is **GRANTED**, and Ms. Qureshi's complaint is **DISMISSED**.

**I.    BACKGROUND**

From 1987 to 1990, Ms. Qureshi received Federal Perkins loans through the Federal Perkins Loan Program. [ECF 1] ¶ 4; [ECF 1-2] at 11-12.[1] Ms. Qureshi began employment as a mathematics teacher in 1991, and she taught until September 3, 2002. [ECF 1-2] at 9. Ms. Qureshi states that she repaid her Perkins loans in 1996, [ECF 1] ¶ 1, and that she fulfilled the service requirements to qualify for loan forgiveness, *id.* ¶¶ 1, 4. Therefore, she claims that she is

---

[1] All page numbers in the parties' filings refer to the page number generated by the CM/ECF system.

entitled to a refund of her loan payments in the amount of $3,806 plus interest, and that the government has failed to provide a refund. *Id.* ¶ 5.

The government filed a motion to dismiss Ms. Qureshi's complaint on March 19, 2024. [ECF 7]. In its motion, the government argues that the Court lacks subject-matter jurisdiction over Ms. Qureshi's complaint because she did not identify a money-mandating source of law. *Id.* at 3. The government contends that, while her complaint claims that she is entitled to a refund of her student loan payments, Ms. Qureshi "fails to identify a substantive source of law that would entitle her to a refund." *Id.* at 4. The government further argues that, even if the Court determines that Ms. Qureshi has identified a money-mandating source of law, Ms. Qureshi's claims are time-barred. *Id.* at 5. The government contends that, while the allegations in Ms. Qureshi's complaint are unclear, "it is clear that her claims accrued, at the very latest, in 2002, when she allegedly met the qualifications for repayment but did not receive reimbursement for her Perkins Loan." *Id.* The government's motion to dismiss is fully briefed, *see* [ECFs 8, 9], and the Court determined that oral argument is not necessary.

## II.     LEGAL STANDARDS

When considering a RCFC 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 569 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir.1995)). The plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (citations omitted); *see also O. Ahlborg & Sons, Inc. v. United States*, 74 Fed. Cl. 178, 188 (2006), *appeal dismissed*, 219 F. App'x 992 (Fed. Cir. 2007). When the defendant controverts the plaintiff's jurisdictional allegations, "the court may consider evidence outside the pleadings to resolve the issue." *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) (citing *Reynolds*, 846 F.2d at 747).

Complaints filed by *pro se* plaintiffs, "'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, *pro se* plaintiffs are not excused or exempt from meeting the Court's jurisdictional requirements. *See Henke*, 60 F.3d at 799; *see also Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). Jurisdiction is a threshold issue the court must address before proceeding to the merits of the case. *See Remote Diagnostic Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

## III.    DISCUSSION

The Court finds that it lacks subject-matter jurisdiction over Ms. Qureshi's complaint because she does not identify a money-mandating source of law that entitles her to a refund of

her loan payments.[2] The United States Court of Federal Claims has limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2001). The Tucker Act limits this court's jurisdiction to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2011). The Tucker Act "does not create a substantive cause of action" but rather requires the plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). "[W]hen a claim is brought under the Tucker Act, the Court of Federal Claims must first consider whether the statute or regulation is money-mandating." *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). "A statute is money-mandating for jurisdictional purposes if it 'can fairly be read as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)). "It is enough that a statute creating a Tucker Act right be reasonably amenable to the reading that it mandates a right of recovery in damages." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003) (citing *Mitchell*, 463 U.S. at 218-19). "If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction." *Greenlee*, 487 F.3d at 876 (citing *Fisher*, 402 F.3d at 1175).

Ms. Qureshi identifies the following statutes in her complaint: 20 U.S.C. § 3412, 20 U.S.C. § 3472, 20 U.S.C. § 1018(b)(4), and 20 U.S.C. § 1018(b)(6)(A). [ECF 1] at 1. However, none of these statutes can fairly be interpreted as mandating monetary compensation in the form of a loan refund.[3] Section 3412 establishes the principal officers of the Department of Education. 20 U.S.C. § 3412. Section 3472 provides that the Secretary of Education may delegate certain functions to such officers. 20 U.S.C. § 3472. Section 1018(b)(4) provides that the Department of Education establish Performance-Based Organizations ("PBOs") for the delivery of Federal student financial assistance and that these PBOs have independent control over certain administrative and management functions. 20 U.S.C. § 1018(b)(4). Section 1018(b)(6)(A) provides that the Secretary of Education and Chief Operating Officer of the PBOs shall consult on the effects of policy, market, and other changes on such organizations. 20 U.S.C. § 1018(b)(6)(A).

In response to the government's motion to dismiss, Ms. Qureshi states that she "is invoking the exclusive mandate of the United States Court of Federal Claims for **Non Contractual Claims for Money** under the Tucker Act" to "seek[] the return of money paid to

---

[2] Because the Court finds that it lacks subject-matter jurisdiction over Ms. Qureshi's complaint on the ground that she has not identified a money-mandating source of law, the Court does not address the government's argument that her claim is time-barred. [ECF 7] at 5.

[3] In addition to citing these statutes, Ms. Qureshi asserts that "[the] Court of Federal Claims has jurisdiction over the Office of the Undersecretary of the [United States] Department of Education," [ECF 1] ¶ 1, and that she "is questioning the policy of the Undersecretary that Perkins is not refunded if paid in full," *id.* ¶ 4. These vague assertions are insufficient to establish jurisdiction in this Court, which requires a substantive source of law that creates the right to recover money damages from the United States. *See Rick's Mushroom*, 521 F.3d at 1343.

3

the government under the Federal Perkins Loan Program." [ECF 8] at 7 (emphasis in original). She argues that "[j]ustification of this claim stems from 87 FR 61512." *Id.* Yet, this rule cannot fairly be interpreted to mandate the payment of a refund of student loan payments or otherwise to mandate the payment of money damages. This rule extends the suspension of student loan payments under Section 3513 of the CARES Act[4] and provides for the discharge of eligible student loans. Federal Student Aid Programs, 87 Fed. Reg. 61,512, 61,514 (Oct. 12, 2022) (to be codified at 34 C.F.R. pts. 674, 682, 685). With respect to discharging student loan debt, the rule states that the Department of Education "will discharge the balance of a borrower's eligible loans" and that eligible loans include "Perkins Loans held by the Department." *Id.* While the rule speaks to the suspension of student loan payments and discharge of outstanding student loan balances, there is nothing in this rule that provides for a refund of previously made student loan payments. Furthermore, a statute or regulation that provides for the discharge of a loan is not considered money-mandating. *See Johnson v. United States*, 105 Fed. Cl. 85, 92 (2012) (stating that the Higher Education Act, which provides that "the Secretary of Education shall discharge the borrower's liability on the loan . . . by repaying the amount owed on the loan," cannot fairly be read as conferring upon a borrower "a substantive right to recover money damages against the United States") (internal quotation marks and citations omitted); *accord Faison v. United States*, 102 Fed. Cl. 637, 641-42 (2012) (interpreting "discharge" in 20 U.S.C. § 1087(a)(1) as not conferring upon a borrower a substantive right to money damages") (citing *Spehr v. United States*, 51 Fed. Cl. 69, 81, 93 (2001)). "[D]ischarg[ing] the borrower's debt . . . is not the same as paying him." *Id.* (citing *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec.*, 490 F.3d 940, 945 (Fed. Cir. 2007)). Thus, Ms. Qureshi's reliance on 87 Fed. Reg. 61,512 as a money-mandating source of law is unavailing.[5]

Ms. Qureshi also contends that the promise of loan forgiveness under 20 U.S.C. § 1087ee was unfulfilled and that this statute "does not say that . . . full repayment [of the loan] deletes the option of a refund." *See* [ECF 8] at 10, 18. Section 1087ee provides for the cancellation of student loan debt based on years of qualifying service, which includes years of service as an educator. *See* 20 U.S.C. § 1087ee (2016). Although the statute does not explicitly address the circumstances of a borrower having completed their loan repayment, it explicitly states that "[n]othing in this subsection shall be construed to authorize refunding of any repayment of a

---

[4] Section 3513 of the CARES Act mandates that the Secretary of Education "shall suspend all payments due for loans," that "interest shall not accrue on a loan," that "the Secretary shall deem each month for which a loan payment was suspended . . . as if the borrower of the loan had made a payment for the purpose of any loan forgiveness program or loan rehabilitation program," that "the Secretary shall ensure that[] . . . any payment that has been suspended is treated as if it were a regularly scheduled payment made by a borrower for the purpose of any loan forgiveness program or loan rehabilitation program," and that "the Secretary shall suspend all involuntary collection related to the loan." CARES Act of 2020, Pub. L. No. 116-136, § 3513, 134 Stat. 281, 404-05 (2020).

[5] Ms. Qureshi also states that she is "seeking a review of 20 U.S.C. 1098[]bb(a)(2)(A) . . . as an affected individual who was a recipient of student financial assistance and did not want to engage in default, yet is prevented from receiving a refund while others are allowed either loan forgiveness or cancellation under the same program." [ECF 8] at 7. This section provides, among other things, that the Secretary of Education is authorized to waive or modify certain student financial assistance program provisions in the event of a war, military operation, or national emergency as necessary to ensure that "recipients of student financial assistance . . . who are affected individuals are not placed in a worse position financially in relation to that financial assistance because of their status as affected individuals." This statute cannot fairly be interpreted to mandate the payment of money damages or a refund of loan payments.

loan." 20 U.S.C. § 1087ee(a)(3)(C) (2016); *see also* 20 U.S.C. § 1087ee(a)(3)(C) (1998) (same). Thus, it cannot fairly be interpreted to mandate a refund of loan payments.

Lastly, as a *pro se* plaintiff, the Court liberally construes Ms. Qureshi's complaint. In this regard, the Court considered whether Ms. Qureshi's complaint could be liberally construed as alleging an illegal exaction claim, over which this Court has subject-matter jurisdiction even in the absence of a money-mandating source of law. *See Gulley v. United States*, 150 Fed. Cl. 405, 418-19 (2020). "An illegal exaction 'involves money that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.'" *Flander v. United States*, 737 F. App'x 530, 532 (Fed. Cir. 2018) (quoting *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005)). "To allege an illegal exaction within this Court's subject-matter jurisdiction, a complaint must contain nonfrivolous *factual* allegations that the plaintiff is entitled to recover money for the government's purported illegal action." *Gulley*, 150 Fed. Cl. at 418 (emphasis in original) (citing *Harris v. United States*, 2014 WL 10936253, at *1 (Fed. Cl. Apr. 16, 2014)). Here, Ms. Qureshi does not allege that her student loan payments were improperly paid, exacted, or taken from her. *See generally* [ECF 1]; [ECF 8]. Instead, she alleges that she is entitled to a refund of her properly collected loan payments. *See* [ECF 8] at 7 (stating that "[s]he seeks the return of money paid to the government under the Federal Perkins Loan Program"). Therefore, her complaint is not properly viewed as asserting an illegal exaction claim over which this Court may exercise subject-matter jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (stating that "Tucker Act claims may be made for recovery of monies that the government has required to be paid contrary to law"). In sum, because Ms. Qureshi has not identified a money-mandating source of law that entitles her to a refund of her student loan payments, her complaint must be dismissed. *Greenlee Cnty.*, 487 F.3d at 876 (citing *Fisher*, 402 F.3d at 1175).[6]

## IV.   CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [ECF 7], is **GRANTED**. Ms. Qureshi's application to proceed *in forma pauperis* is **GRANTED**.[7] The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[6] Ms. Qureshi lists several statutes and regulations in her response to the government's motion to dismiss. *See* [ECF 8] at 11. None of them can fairly be read as mandating monetary compensation by the United States.

[7] A plaintiff is eligible to proceed *in forma pauperis* if she is "unable to pay such fees or give security therefor." *Moore v. United States*, 93 Fed. Cl. 411, 413 (2010) (quoting 28 U.S.C. § 1915(a)(1)). "[T]he threshold for a motion to proceed *in forma pauperis* is not high." *Id.* at 414. "Unable to pay such fees" means that "paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007) (citation omitted). The Court considered Ms. Qureshi's application to proceed *in forma pauperis*, [ECF 2], and determined that she sufficiently demonstrated that she would experience financial hardship if required to pay the Court's filing fees.